UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BRYAN HARMER, | Case No. 3:25-cv-00314-ART-CLB |
|---|---|
| Plaintiff, | **ORDER GRANTING 30-DAY EXTENSION OF TIME AND DENYING APPOINTMENT OF COUNSEL** |
| v. | |
| SCOTT DAVIS, *et al.*, | [ECF Nos. 5, 6] |
| Defendants. | |

Plaintiff Bryan Harmer filed a case with another inmate when they were both confined at Lovelock Correctional Center ("LCC"). After initiating that case, Harmer was released on parole, and the Court entered an order severing Harmer from the original case, which created this new case belonging to Harmer alone. (*See* ECF No. 3.) At that time, the Court granted Harmer 30 days to file a first amended complaint ("FAC") in this new case containing only his own claims. (*Id.* at 10–11, 14–15.) Before the deadline expired, Harmer filed a motion requesting a 90-day extension of time and the appointment of counsel. (ECF Nos. 5, 6.) The Court now addresses Harmer's motion.

The Court grants Harmer an extension of 30 days, rather than 90 days, to file a FAC in this case. The new deadline for Harmer to file a FAC is **August 25, 2025**. Any future request for an extension of time must be accompanied by a specific factual explanation of why there is "good cause" for the requested extension. *See* Fed. R. Civ. P. 6(b).

Harmer also asks the Court to appoint him a free attorney as a "better solution to the communication problems between him" and his former co-plaintiff, who is still confined at LCC and proceeding on his own behalf in the original case. (*See* ECF No. 5 at 2.) There is no constitutional right to appointed counsel in civil cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court will appoint counsel for indigent civil

litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

There is no active complaint on file in this case, so Harmer has not established that he is likely to succeed on the merits. Harmer has also shown that he can communicate with the Court in a coherent and detailed manner, so the Court has no basis to conclude that he is unable to articulate his claims pro se. The Court therefore denies Harmer's request for the appointment of counsel without prejudice.

Accordingly, **IT IS ORDERED** that Harmer's motion for an extension of time and the appointment of counsel (ECF Nos. 5, 6) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Harmer is **GRANTED** a 30-day extension of time, so he shall file a FAC containing only his own claims in this case by **August 25, 2025**.

**IT IS FURTHER ORDERED** that Harmer's request for the appointment of counsel is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, if Harmer chooses not to file a FAC by **August 25, 2025**, this case will be dismissed without prejudice.

**IT IS SO ORDERED**.

**DATED**: July 24, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**